

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable Lon Alsup
Executive Secretary-Director
State Commission for the Blind
Austin, Texas

Dear Mr. Alsup:  Opinion No. O-7181

Re: Is Federal Government required
to make bond in order to obtain
duplicate warrant for one that
has been lost.

Your letter states that on November 7, 1945, the Comptroller issued a State warrant, No. 643486, for $50.00, payable to the United States Department of Agriculture, Farm Security Administration; that said warrant had been lost, and had never been presented to the Comptroller for payment. You state that the United States Department of Agriculture has requested the Comptroller to issue a duplicate warrant, and that the Comptroller has advised he could not do so unless the United States Department of Agriculture would execute a bond in double the amount of said warrant, as provided for by Article 4365, Vernon's Annotated Civil Statutes.

You ask us to "advise if any branch of the Federal Government is required to make bond when a warrant has been issued to a department of the Federal Government by the State Comptroller of Public Accounts, and such warrant has been lost."

Article 4365, Revised Statutes, above referred to, provides specifically for the issuance of a duplicate warrant when the original has been lost "but no such duplicate warrant or other evidence of indebtedness shall issue until the applicant has filed with the Comptroller his affidavit, stating that he is the true owner of such instrument, and that the same is in fact lost or destroyed, and shall also file with the Comptroller his bond in double the amount of the claim, with two or more good and sufficient sureties, payable to the Governor to be approved by the Comptroller."

Honorable Lon Alsup - page 2

In our Opinion No. 0-2305, a copy of which you have, this Department held that before the Dallas Independent School District could obtain a duplicate warrant, it, as a political subdivision of the State, was required to execute the bond before obtaining a duplicate warrant. In said Opinion we held that there were no exceptions contained in said statute, and that it therefore applied, and would apply, to each and all of the State Governmental agencies.

In the case of United States v. Branson, 147 S. W. (2) 286, (error ref.) the United States had filed suit to recover a monied judgment against the Banking Commissioner. The trial court held against the United States, and it appealed. The court had for review the question of the necessity for the United States to execute an appeal bond under Article 2253 of the Revised Civil Statutes. In holding that it was necessary, the court stated:

"Art. 2253. Rev. Civ. Stat.,1925, provides that 'An appeal may * * * be taken * * * by the appellant giving notice of appeal * * * by his filing with the clerk an appeal bond where a bond is required by law. ***'. Article 2265 prescribes the form and sufficiency of the bond. The Legislature has seen fit to exempt certain persons and entities from the requirement of filing an appeal bond * * * but no Texas statute, either expressly or by implication, exempts the United States from giving the bond required by Article 2253. Neither is it exempted by any Act of Congress."

Since our courts have specifically held that the United States Government, in order to perfect an appeal to our State courts, must give an appeal bond, they would unquestionably hold that before the United States Government, or any of its agencies, could obtain a duplicate warrant from the Comptroller, under Article 4365 of the Revised Statutes, it would be necessary for it to execute the bond required therein.

In reply to your question, therefore, we state that the Comptroller is correct in his refusal to issue a duplicate warrant until and/or unless the bond required by said statute is executed.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By          Geo. W. Barcus
                   Assistant

GWB-MR

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN